# Mary Zeok v. Amelia Hertz, Appellant.

*Burden of proof—Shifting defense—Question for jury.*

In a suit for money loaned the defense shifted, payment for services being alleged in the affidavit, and receipt as a gift being set up in the testimony at the trial; the burden of proof shifted with this shifting of defenses, and the sole question whether the money was a loan or a gift was one purely of fact for the jury.

*Charge of court—Discussion of evidence.*

Where the contention of the parties is clearly discussed and presented in the charge, it is not reversible error for the court, in answer to a request to call the attention of the jury to the testimony of certain witnesses, to direct the jury " to consider all the evidence."

*Province of court—Interrogation of witness by judge.*

It is not error for the court to interrogate witnesses when necessary to bring the facts clearly before the court and jury.


Argued April 10, 1899.   Appeal, No. 24, April T., 1899, by defendant, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1896, No. 386, on verdict for plaintiff.   Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and BEEBER, JJ.   Affirmed.   Opinion by SMITH, J.

Assumpsit.   Before PORTER, J.

It appears from the record that this action was brought against Amelia and Isaac Hertz to recover $350, with interest, which plaintiff alleges she loaned to defendants on or about November 15, 1893, payable in two years.   Defendants' affidavit denied that they had borrowed this money, and alleged that they owed the plaintiff nothing.   In the second affidavit of defense Amelia Hertz, the wife, acknowledged that she received the said money personally from the plaintiff and that the other defendant did not receive the same, or any part thereof, and that she received it in consideration and payment for services rendered by her to plaintiff and her family. In her testimony on the trial, Amelia Hertz claimed that she received the money as a gift and not for services.

Verdict and judgment for plaintiff for $388.   Defendant appealed.

*Errors assigned* among others were (1) the verdict is against the weight or preponderance of the evidence. In this case, this, of itself, should be sufficient to reverse the judgment of the court below.   (2) In refusing to instruct the jury as to the effect of certain testimony as requested by defendant's counsel as follows: "Mr. Smail: I would like to suggest that the court instruct the jury, or call its attention to the testimony of Mr. Carmer, Mrs. Spatz and Mr. Edwards, as to the butcher shop.   The Court : The court having submitted the case to the jury, not having gone over any evidence, it must decline to argue the evidence one way or the other.   You will consider all the evidence, gentlemen.   You are as competent to do that as the court."   (3) In charging the jury as follows : "In any case, gentlemen, you will render a verdict in favor of the defendant, Isaac Hertz, because there is no evidence that he was a party to this borrowing of the money.   Under the evidence it is simply a question as between the plaintiff and Amelia Hertz, the wife."   (4) The entire charge of the court is an inadequate presentation of the case to the jury.   It contains no statement of the matters of fact upon which the case turned, and no clear statement of the rules of law applicable to the question involved. (5) The court below erred in its examination of Edward Agnew. The actions, gestures and language of the court in his examination of Mr. Agnew tended to and did discredit the witness with the jury, and greatly prejudiced the defendant's case. Said examination was almost wholly on immaterial and irrelevant matters.   (6) The court below erred in its examination of Gustave Goldman, one of the defendant's most important witnesses.   Counsel for defendant asked the court to note an exception to this examination as improper and uncalled for, taking place in the presence of the jury and calculated to bias and prejudice the jury against the defendant and in favor of the plaintiff.   Exception allowed.   The actions, gestures and language of the court in his examination of Mr. Goldman tended to and did discredit the witness with the jury, and greatly prejudiced the defendant's case.   Said examination was largely on immaterial and irrelevant matters.   (7) The court below erred in its unfair interruption and examination of the witness, Edward Agnew and Gustave Goldman throughout the case, in a way tending to raise the belief in the mind of the jury, that the

court thought a conspiracy existed between these three to defraud plaintiff of the amount in suit, and this by the emphasis and gestures of the court as much or more than by the language used.

*E. J. Smail*, for appellant.—The court in its charge to the jury omitted to mention, and entirely refrained from alluding to the essential testimony for the defense. This was error. Deeming it essential that the court should instruct the jury in relation thereto, counsel for defendant called the attention of the judge to it, and requested him to instruct the jury in relation thereto before the jury retired, but the court declined. This was inexcusable error: Herstine v. Railroad Company, 151 Pa. 244.

In principle that case is exactly like this one. In that case, the plaintiff's case depended almost wholly upon his own testimony. The defendant introduced much testimony, impeaching his character for veracity and tending to show that he suffered from disease and not from the injury.

Practically to the same effect is Fineburg v. Railway Co., 182 Pa. 97.

In Hess v. Railroad Co., 181 Pa. 492, five witnesses for the company testified for defendant that lights were displayed and bell rung and the whistle blown, and two witnesses for the plaintiff testified that they did not see the lights, nor hear the bell or whistle. It is reversible error for the court not to give adequate instructions as to the relative value of positive and negative testimony. This case goes far beyond the case at bar.

To the same effect is Lerch v. Bard, 177 Pa. 197. It is there held that " frequent declarations to the jury that all the evidence is for their consideration does not cure " an unfair charge.

The charge as a whole was an inadequate presentation of the case to the jury. It contains almost identically the same defects so clearly pointed out in Richards v. Willard, 176 Pa. 181, in which the Supreme Court not only reversed the court below but held that it should have given binding instructions for the defendant. The same judge tried both cases, and that case was decided before this case was tried.

To the same effect are Pierson v. Duncan, 162 Pa. 187, and Reeber v. Herring, 115 Pa. 599.

*A. B. Stevenson*, for appellee.—By setting up the defense of a "gift" the defendant assumed the burden of proof. "The burden is always upon the donee to show that there was a valid gift," as laid down in Thornton on Gifts, p. 185, sec. 210, and "if it is claimed that a transaction amounts to a gift the burden is upon the donee to show to the satisfaction of the jury that the transaction was in fact a gift:" Thornton on Gifts, p. 189.

To same effect is Rhodes v. Childs, 64 Pa. 23, where Chief Justice THOMPSON said: "The proof to establish such a gift, viz: inter vivos, ought to be of a character so convincing as to remove from their minds any reasonable doubt as to the fact of the gift having been made," affirming the court below in almost identical words.

To same effect is Smith v. Burnet, 35 N. J. Eq. 314, 323, and in Grey v. Grey, 47 N. Y. 552, it is said the law does not presume a gift, so upon him who claims as donee is the burden of proof: 2 Schouler's Personal Property, 87, 174; Wormley's Estate, 137 Pa. 101.

No special points were presented to the court by either side, embodying the testimony of witnesses, and asking rulings thereon, before the court charged the jury. And it was not error in the court to decline to discuss the testimony of three of defendant's witnesses, at the close of his charge, after having submitted the case, especially when the testimony of these three witnesses was on a collateral matter,—" the butcher shop."

The court was not bound to commit error by reviewing the testimony of defendant's witnesses, even upon request of defendant's counsel, after having submitted the case, which would have been unfair to plaintiff and her testimony, and error as held in Lerch v. Bard, 177 Pa. 197. To the same effect is Reichenbach v. Ruddach, 127 Pa. 564, 595.

In Granz v. Price, 130 Pa. 415, the Supreme Court said, "We cannot reverse the court below for not reviewing and analyzing the evidence."

OPINION BY SMITH, J., October 9, 1899:

The plaintiff sued to recover $350 for money loaned to the defendants, husband and wife, and obtained a verdict against the wife, she admitting having received the money from the plaintiff. The defense set up by the first affidavit of defense

was an absolute denial that they or either of them borrowed from the plaintiff $350, and denied any indebtedness whatever. By a supplemental affidavit of defense, Amelia Hertz, the wife,. admitted having received this amount from the plaintiff on the day mentioned in the declaration, but averred that it was " in consideration and payment for services rendered by her to. plaintiff and her family." It was also alleged in this second affidavit that Amelia Hertz " received said money personally from the plaintiff and [that] her husband [the other defendant] did not receive same or. any part thereof." In her testimony given on the trial, Amelia Hertz claimed that she received the money as a gift from the plaintiff and not for services. The issue was thus resolved into the question, whether the money was furnished as a loan or a gift. With this shifting of the defense the burden of proof also shifted and cast upon the defendants the duty of showing, to the satisfaction of the jury, that the transaction was in fact a gift, unaided by any legal presumption in its favor. The court directed the jury to render a verdict in favor of Isaac Hertz, and the sole question for the consideration of the jury was whether the money was a loan or a gift, and they were very fully and clearly instructed on that point. There could be no reasonable ground for misunderstanding the instructions on that principal question. It was repeated in the charge of the court several times and, in passing on it, the jury were told to " consider all the evidence submitted and to render a verdict in accordance with the preponderance of the evidence." We are entirely satisfied that the charge was adequate and, in the light of the whole testimony, it was fair to both parties.

The failure of the court to call the attention of the jury to the testimony of certain witnesses " as to the butcher shop," as requested by the defendants' counsel did not, in our opinion, injure the defendant. This matter was not directly involved in the issue tried, and the contention of both parties was clearly discussed and presented in the charge, without alluding to the other evidence on either side. When this request was made,. at the close of the charge, the court said in reply, " You will consider all the evidence, gentlemen." We see no error in the trial judge asking questions of the witnesses when necessary to bring the facts clearly before the court. In the present case

the questions put by the judge served only to enable the court and jury the better to understand the testimony given.

The record presents nothing further requiring discussion or notice. The case was clearly for the jury under the evidence and we see no just reason for disturbing their verdict. ·

Judgment affirmed.